## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IRVING C. JONES** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA VOTER** | :_____ | **NO. 12-2331** |
| **REGISTRATION, et al.** | : | |

<u>**MEMORANDUM**</u>

**DITTER, J.**                                                                                          **MAY 15, 2012**

Irving C. Jones filed this action against the City of Philadelphia Voter Registration and the Commonwealth of Pennsylvania claiming that he was denied the right to vote. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint and amended complaint.[1]

## I.      FACTS

On April 24, 2012, plaintiff, a member of the Communist Party, attempted to vote in Pennsylvania's primary election. Plaintiff acknowledges that, because he is not a registered Republican or Democrat, he was not permitted to vote in the primary elections and was "[only] allowed to vote . . . for the bond issues or other legislative questions." (Compl. at 1.) Although there were no bond issues or other legislative questions on the ballot, plaintiff wished to cast a vote "stating that [he] did not wish to vote for any candidate of either party." (*Id.*) The staff at plaintiff's polling location could not get the voting machine to "lock up" to prevent plaintiff from being able to cast a vote in the primary election. Accordingly, the staff called "Voter technical

---

[1] Plaintiff's amended complaint incorporates his initial complaint by reference. Accordingly, the Court will read the two pleadings together.

support" to determine whether plaintiff would be able to vote by paper ballot.  Ultimately, plaintiff was not permitted to cast a vote.

Based on the above, plaintiff contends that he was denied his right to vote.  He seeks the following relief: (1) an order "allow[ing] a person who is registered in another party the right to state on [a] paper ballot or machine that he does not wish to vote for any candidate"; (2) an order "allow[ing] for an open primary like those in Illinois and other states"; and (3) an end to Pennsylvania's Voter Identification law, which plaintiff "feels is unnecessary and intimidating." (Am. Compl. ¶ V.)

## II.    STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis* because he has satisfied the requirements set forth in 28 U.S.C. § 1915.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

## III.   DISCUSSION

The Court will dismiss the complaint and amended complaint for the reasons that follow. Plaintiff appears to be asserting claims pursuant to 42 U.S.C. § 1983 based on the denial of his constitutional right to vote and/or his right to political expression because he was not permitted

to cast a "non vote" in the primary. (Compl. at 2.)  These claims fail because Pennsylvania requires that an individual be a registered party member to vote in a primary election.  25 Pa. Cons. Stat. § 299.  This requirement is constitutionally valid.  *Burdick v. Takushi*, 504 U.S. 428, 437 n.7 (1992) ("[T]he [Supreme] Court has upheld the . . . requirement that voters interested in participating in a primary election enroll as a member of a political party prior to the preceding general election."); *see also Maslow v. Bd. of elections in City of New York*, 658 F.3d 291, 296 (2d Cir. 2011) ("A political party's associational right to exclude forecloses the possibility that non-party members have an independent First Amendment right to participate in party affairs."). If plaintiff would like to change Pennsylvania's law in that regard, he must take his complaint to the legislature.  Furthermore, "the function of the election process is to winnow out and finally reject all but the chosen candidates," not to provide a forum for individuals to "publish individual protests against the election system or the choices presented on the ballot."[2]  *Burdick*, 504 U.S. at 438 & 441 (quotations omitted).

To the extent plaintiff seeks to challenge Pennsylvania's recently enacted voter identification law, which requires an individual to provide photo identification in order to vote, he lacks standing.  According to his complaint, plaintiff has a Pennsylvania driver's license and a state-issued identification card.  Thus, he is not aggrieved by the law.  *See Pa. Prison Soc'y v. Cortes*, 622 F.3d 215, 228 (3d Cir. 2010) (a plaintiff must show actual or imminent injury in fact to satisfy Article III's standing requirements).  Furthermore, plaintiff has not stated a claim under

---

[2] Even if plaintiff had stated a claim under § 1983, the Commonwealth would not be subject to suit because it is entitled to sovereign immunity.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (section 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties").

the Voting Rights Act because nothing in the complaint suggests that he was denied the right to

vote on account of his race or color.  *See* 42 U.S.C. § 1973; *Voinovich v. Quilter*, 507 U.S. 146,

152 (1993) (noting the scope of the Voting Rights Act is limited to claims involving an

abridgement based on membership in a protected class associated with race or color).

      A district court should allow a pro se plaintiff to amend his complaint unless

amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103,

113-14 (3d Cir. 2002).  Here, amendment would be futile.  Plaintiff cannot state a claim based on

the fact that he was not permitted to vote in the primary election because he is a member of a

party that did not participate in the primary.  Likewise, he cannot state a claim based on

Pennsylvania's voter identification law because he pleaded that he has qualifying identification

and that he was not denied the right to vote due to his failure to produce such identification.

## IV.   CONCLUSION

      For the foregoing reasons, the complaint and amended complaint are dismissed.  An

appropriate order follows.